## Staunton.

### DAVIS AND OTHERS V. ANDERSON.

#### SEPTEMBER 12, 1901.

1. PARENT AND CHILD—*Support—Contracts—Past Consideration.*—A son is under no legal obligation to support his mother, and his contract to pay for her past support, furnished without his request, is without consideration.
2. CONTRACTS—*Consideration—Moral Obligation—Past Consideration.*—A moral obligation, to be sufficient to sustain a promise or contract, must be one which has been once a valuable consideration, but was not binding on account of some rule of law, or has ceased to be binding from some supervenient cause. A past consideration which imposed no legal obligation at the time it was furnished will not support a promise.
3. CHANCERY PRACTICE—*Pendente Lite Purchaser—Volunteers—Irregular Proceedings.*—A voluntary grantee, *pendente lite,* takes in subordination to the rights of the creditors of his grantor adjudicated in the suit, and cannot impeach the proceedings in that suit by an independent suit brought for that purpose, however irregular the latter may be.

Appeal from a decree of the Circuit Court of Rockbridge county, pronounced September 8, 1898, in a suit in chancery, wherein the appellee was the complainant, and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*J., J. L., & R. Bumgardner,* for the appellants.

*C. S. W. Barnes,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

In June, 1890, Lucy F. Weeks brought an action of *assumpsit* in the Circuit Court of Rockbridge county against James T. Freeman, a non-resident, and caused to be issued an ancillary attachment, which was levied July 2, 1890, upon an undivided moiety of 116 acres of land, the property of the defendant.

On July 23, 1890, Freeman executed a deed by which he conveyed his interest in the land to his sister, Fannie L. Anderson, " in consideration of the care and attention of my mother, Lucy Freeman, who has been blind for the last ten years, to me fully paid by Fannie L. Anderson. * * *, the receipt of which is hereby acknowledged." This deed was acknowledged, in substantial compliance with the requirement of the statute, and admitted to record.

The defendant, Freeman, appeared and pleaded to the action, and upon the issue joined a verdict and judgment were rendered against him at the November term, 1890.

No further proceedings were had upon the attachment and no memorandum was left with the clerk to be recorded and indexed, as required by section 3566 of the Code.

In a suit in chancery brought afterwards to enforce her lien, the property was sold and purchased by the plaintiff, Lucy F. Weeks, and she, having become the owner of the other moiety, sold and conveyed the entire tract of 116 acres to appellants, Samuel A. Davis and William J. Hite. Thereupon Fannie L. Anderson filed a bill in equity against the appellants, Davis, Hite and Lucy F. Weeks, in which she alleged that before Lucy F. Weeks had acquired any lien upon the undivided moiety of her brother, James T. Freeman, complainant had become the *bona fide* purchaser thereof for valuable consideration and without notice, and vouched the deed of July 23, 1890, to sustain the allegation. She insisted that she was not a party to the suit in which her property was sold, and not bound by any of the pro-

ceedings therein. A paper purporting to be the answer of Davis and Hite, denying generally the allegations of the bill, was copied into the record, but seems never to have been formally filed, and was not noticed in any of the decrees in the cause.

The bill prayed for partition of the land, and that appellants be required to account to the plaintiff for the rents and profits of her moiety thereof during the time they were respectively in the possession and enjoyment of the same.

The commissioner, to whom the case was referred, reported that the land was not susceptible of convenient partition in kind, and ascertained the amounts for which the defendants were respectively liable to the plaintiff for its use and occupation.

Exceptions were taken by the defendants to the report, which the court overruled, and the report was confirmed. The plaintiff was declared entitled to an undivided moiety of the land, which was decreed to be sold for partition, and the amounts ascertained to be due by the defendants to the plaintiff for rents and profits were decreed against them respectively.

From that decree this appeal was allowed.

A number of questions have been raised and discussed by counsel, chiefly affecting the regularity of the proceedings on the attachment and in the suit in chancery, in which the property in controversy was sold, but the view which this court takes of the matter renders it unnecessary to notice them in detail.

The real question involved is, whether the consideration in the deed from Freeman to his sister *was a valuable consideration* or merely *a meritorious consideration.* If the former, she was clearly entitled to the relief accorded by the decree of the trial court, but if the latter, it is equally clear that she was not so entitled, as against the creditor of her grantor. Section 2459 of the Code provides that "every gift, conveyance, assignment, transfer, or charge, which is not upon a consideration deemed valuable in law    *    *    *    shall be void as to creditors whose debts shall have been contracted at the time it was made."

A deed founded upon a good but not upon a valuable consideration is considered merely voluntary; and, while binding between the parties, is void as to creditors.  Chit. Cont. 28.

For a moral obligation to be sufficient to sustain a subsequent promise or conveyance, it must be one which had once been a valuable consideration, but which on account of some rule of law was not binding upon or enforcible against the party, *e. g.*, from infancy or like cause, or which had ceased to be binding from some supervenient cause, as the act of limitations, the intervention of bankruptcy and the like.  But a past consideration, other than the class referred to, which imposed no legal obligation at the time it arose will support no promise whatever.  *Eastwood* v. *Kenyon*, 11 A. & E. 446; *Earle* v. *Oliver*, 2 Exch. 71; Clark on Contracts, 201.

There is not a suggestion that the alleged past services of the grantee for her afflicted mother, the sole consideration for the deed in question, were rendered in pursuance of a contract between the grantor and herself.  Such an allegation, *if proved*, would have presented quite a different question.  But the case under consideration is one in which a brother indebted to insolvency, after suit brought, divests himself of all the property which he owns within the jurisdiction of the court, by a deed to his sister, based upon past services alleged to have been rendered by her for their mother.  The services were neither alleged nor proven to have been performed at the request of the brother, express or implied.  Such a consideration is in no sense a valuable consideration, and the grantee in the deed occupied the position of a volunteer and not of a *bona fide* purchaser for value.  There was no legal obligation resting on either the son or the daughter to care for and support their mother, and the high moral obligation to discharge that duty was as incumbent upon the one as the other.

A past consideration which did not place the grantor under a legal obligation at the time the services are alleged to have

been rendered cannot be regarded a sufficient consideration to sustain a deed from an embarrassed debtor to his sister, executed after legal proceedings had been commenced by a creditor to subject the property to the payment of his debt.

While *bona fide* purchasers for value are a highly favored class, and courts of equity are always solicitous to uphold their rights, it would be indeed a dangerous precedent to enlarge the doctrine so as to embrace in that category alienees of debtors, whose memories have been refreshed and consciences quickened into action and a recognition of past moral considerations moving from near relations, only after suit brought to subject their property.

This court, in the recent case of *Stoneburner & Richards* v. *Motley*, 95 Va. 788, quotes with approbation the language of Wightman, J., in *Beaumont* v. *Reeve*, 8 Adolph. & Ell. 486, that "a precedent moral obligation, not capable of creating an original cause of action, will not support an express promise." And adds: " It is clear that, independent of the express promise on the part of the son made after the services were rendered, there could, in this case, have been no recovery upon the original cause of action, for it rested upon no consideration from which the law would have implied a promise to pay, and therefore the subsequent promise is insufficient."

Occupying the position of a volunteer, had Fannie L. Anderson been made a defendant to the chancery cause in which the land was sold, her deed would have interposed no valid defence. Her rights, therefore, under said conveyance being subordinate to those of the creditor of her grantor, she cannot be permitted to impeach those proceedings in the independent suit which she has brought for that purpose, however irregular they may have been.

For the foregoing reasons the decree complained of must be reversed and annulled, and an order will be made here dismissing appellee's bill with costs.

*Reversed.*