BERTHA C. HOPKINS *v.* STELLA B. WILKINSON, *Exrx.*

(No. 7854)

Submitted April 17, 1934.   Decided May 8, 1934.

. *F. G. Musgrave* and *Hogg & Hogg,* for plaintiff in error.

*B. H. Blagg, Somerville & Somerville* and *Poffenbarger & Poffenbarger,* for defendant in error.

KENNA, JUDGE:

Bertha C. Hopkins brought this action in assumpsit against Stella Wilkinson, executrix of the estate of

Thomas B. Wilkinson, deceased, in the circuit court of Mason County.

The declaration in one count, as amended, alleges that on the 14th day of February 1914, defendant's decedent entered into a written contract with the plaintiff whereby he agreed to pay her for services in caring for William Wilkinson (an invalid brother of decedent) during the period of his natural life the sum of $1.00 a day to be paid at the death of William Wilkinson or that of Thomas B. Wilkinson; that he, Thomas B. Wilkinson, agreed he would provide in his will for satisfying the claims against the Wilkinson farm (used as a residence by William Wilkinson) and that she, the plaintiff, was to take full possession thereof and cooperate with him in its management and perform legal business for him; that the contract recited that it was to stand as theretofore to compensate and pay in full for services rendered by the plaintiff in the Wilkinson home before the death of the mother and as to her wishes, that after all the members now living (William Wilkinson, J. E. Wilkinson and T. B. Wilkinson) had become deceased, the property should become the sole property of Bertha C. Hopkins for her services in the Wilkinson home. The declaration avers that the plaintiff had performed in full her part of the contract, by reason whereof Thomas B. Wilkinson in his lifetime became indebted to the plaintiff in the sum of $6,467.00, with certain interest and less certain credits, for the care of William Wilkinson, and also became indebted to her in the sum of $13,020.00 for services rendered in the Wilkinson home during the lifetime of the mother of Thomas B. Wilkinson, the latter sum being the fair value of the farm he had agreed to convey to her. The declaration alleges that J. E. Wilkinson died in 1931 and that Thomas B. Wilkinson died on the 3rd day of June, 1932. It is averred that instead of making the farm over to the plaintiff, Thomas B. Wilkinson disposed of it otherwise in his will to the plaintiff's damage under her contract to the amount of its fair value. The count alleges that being so indebted, Thomas B. Wilkinson, in his lifetime promised to pay the amounts to the

plaintiff, and that he, in his lifetime, and his executor since, have wholly failed and refused so to do.

To this declaration, the defendant, Stella B. Wilkinson, the executrix, etc., filed a plea of the statute of limitations alleging the five-year period, craved oyer of the written contract declared upon and filed a plea of *non est factum* thereto, and pleaded specially that the plaintiff was barred from recovering because she had failed to file her claim against the estate of T. B. Wilkinson with the commissioner of accounts to whom the settlement of that estate was referred under the statute. In addition, the defendant pleaded the general issue.

Upon the submission of the case to a jury, the jury returned a special verdict finding the contract to be signed with the genuine signature of T. B. Wilkinson, and, in addition, returned a general verdict for the plaintiff in the sum of $6,060.00. The amount of the general verdict was adjusted by the court with the consent of the parties, and there is no complaint as to the amount of the judgment rendered thereon. Judgment was rendered on the verdict, and from that judgment, the plaintiff prosecutes this writ of error. The bills of exception bring up the plaintiff's evidence only.

The defendant in error assigns cross-error. In consideration of the fact that the evidence of defendant in error is not a part of the record before us, we can perceive no prejudice in any matter cross-assigned.

The plaintiff says that her contract was divisible into two parts, one for the care and maintenance of William Wilkinson at the rate of $1.00 per day from the date of the contract in 1914 to his death, the other for the management and superintendence of the farm, both before and after the date of the contract. The trial court struck out the plaintiff's testimony under the last item on the theory that the contract is separable, dividing the agreement of plaintiff's decedent into the undertaking to pay for plaintiff's services in the care of William Wilkinson at the rate of one dollar a day from the date of the contract, and the distinct promise to cause the farm to be conveyed to her for her services in the Wilkinson home

prior to the date of the contract. The trial court held that there was no consideration shown for the promise to convey the farm and withdrew that question from the consideration of the jury. It is around this action of the court that the errors complained of turn. There is a procedural question involved as to whether the plaintiff could take advantage of the point raised without making a formal motion to set aside the verdict. Plaintiff moved, after verdict, that the court reconsider its action in instructing the jury to disregard the plaintiff's proof as to the item of the farm. Defendant moved to set aside the verdict, but plaintiff did not. A further procedural question arises from the fact that upon a motion and petition to dismiss in this court it is shown and admitted that the plaintiff has accepted payment in full of the amount of the verdict and judgment in her favor in the trial court.

It seems that the sole question for consideration is whether the plaintiff has a separable contract, and, if so, whether there is sufficient consideration to sustain that part of it that the court below did not permit to go to the jury. All other questions in the case may turn upon the solution of this one.

All of the questions presented for decision turn upon whether the view of the trial court respecting this contract was correct. The trial court held (1) that the contract is separable, and (2) that its separable undertakings on the part of T. B. Wilkinson were: (a) to pay the plaintiff from the date of the contract the sum of one dollar a day for the care of William Wilkinson, and (b) to cause the farm to be conveyed to her for her past services in the Wilkinson home, there being, according to the holding of the trial court, no consideration shown to sustain the latter undertaking. The contract in question is as follows:

"Graham Station, W. Va. Mason Co.
Feb. 14, 1914.
"I Thomas B. Wilkinson agree to pay to Bertha C. Hopkins the sum of One dollars ($1.00) per day for service and care taker al-

so tennant to William Wilkinson for his or her natural life the specified sum to be paid at the death of William Wilkinson or that of my-self. I will provide in my will sufficient funds to satisfie all claims on the Wilkinson farm. She is to take full possation of the farm and is to coporate with me and is to mannage the farm, and to profrom legal business for me and in my name again I stipulate that this agreement stands as here-to-fore and to compensate and pay in full for services rendered in the home before my Mother's death and as to her wishes that after all members of the now living William Wilkinson J. E. Wilkinson T. B. Wilkinson have become deceased the farm shall become the sole property of Bertha C. Hopkins.

> T. B. Wilkinson,
> Bertha C. Hopkins."

Seeking the meaning of this contract within its four corners, examination discloses that it is plainly divisible into two parts, the first stating as follows:

"I Thomas B. Wilkinson agree to pay to Bertha C. Hopkins the sum of One dollars ($1.00) per day for service and care taker also tennant to William Wilkinson for his or her natural life the specified sum to be paid at the death of William Wilkinson or that of my-self. I will provide in my will sufficient funds to satisfie all claims on the Wilkinson farm. She is to take full possation of the farm and is to coporate with me and is to mannage the farm, and to profrom legal business for me and in my name * * * "

It seems plain that in this part of the contract Thomas B. Wilkinson was undertaking to provide for William Wilkinson, his brother, and to assure his living on the farm with the plaintiff in the management of the farm under his (Thomas B. Wilkinson's) direction. To provide that his death should not interfere with this arrangement, he undertakes to satisfy all claims upon the farm in his will.

The second part of the undertaking is an agreement to convey the farm or cause it to be conveyed or vested in the plaintiff in consideration of her past services rendered in the home. That part of the contract reads as follows:

" * * * again I stipulate that this agreement stands as here..to..fore and to compensate and pay in full for services rendered in the home before my Mother's death and as to her wishes that after all members of the now living William Wilkinson J. E. Wilkinson T. B. Wilkinson have become deceased the farm ·shall become the sole property of Bertha C. Hopkins for her service in the Wilkinson home."

A past consideration is not sufficient to support a present promise. *Gooch* v. *Gooch,* 70 W. Va. 38, 73 S. E. 56, 37 L. R. A. (N. S.) 930; *Cox* v. *Davis,* 85 W. Va. 604, 102 S. E. 236; *Davis* v. *Anderson,* 99 Va. 620, 39 S. E. 588. It is said that an exception to this rule exists where the promisor was legally bound and afterwards makes a promise to pay. However, this seems to be more the application of a different rule, than an exception to the rule of past consideration, in that the present promise in the case of a promisor already legally bound simply clarifies the terms of a pre-existing implied contract, and does not constitute a present promise in a legal sense. *Wehnes* v. *Marsh,* 103 Neb. 120, 170 N. W. 606; *Jones* v. *Winstead,* 186 N. C. 536, 120 S. E. 89; *W. A. Neal & Son* v. *Stanley,* 17 Ga. App. 502, 87 S. E. 718. However, here we are not confronted by that question because, in our view of the matter, T. B. Wilkinson was not bound to pay for the past services of Bertha C. Hopkins in the Wilkinson home. The record is not clear as to the relationship that existed in the Wilkinson home prior to the death of Hanna T. Wilkinson, the mother. It very distinctly appears that she did not die until September 28, 1912. During her lifetime, the record indicates that she was the head of the household and the proprietor of the farm. The record does not distinctly show how long

T. B. Wilkinson remained in his mother's household, or whether he was a member of that household at the time of his mother's death. It is quite distinct that he would not have been in a position to have incurred any implied obligation to Bertha C. Hopkins on account of services rendered in the Wilkinson home to the date of his mother's death. There is nothing in the record that would put him definitely in that position after his mother's death. He was no more obligated than was any other member of the Wilkinson household, and the recital of his contract reflects this situation by expressing the fact that the agreement concerning the farm is to carry out the wishes of the mother. We therefore believe that the trial court correctly interpreted this contract and correctly applied the law to its two separable provisions, permitting the plaintiff to go to the jury on the per diem compensation for the future, and taking from the jury all questions concerning the conveyance of the farm as based upon a past consideration not moving to T. B. Wilkinson.

Having so decided the main question, there is little difficulty in disposing of the case. The questions of procedure involved depend for their decision upon the construction of the contract sued upon, and being of opinion that there is no error in the judgment of the trial court, the judgment will be affirmed.

*Affirmed.*