## GLASCOCK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4430.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1939.

Robert A. Littleton, of Washington, D. C. (Christopher B. Garnett, of Washington, D. C., on the brief), for petitioner.

Lee A. Jackson, Sp. Asst. to At'y. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals involving estate taxes in the amount of $4,270.27, assessed against the estate of Lulu R. Glascock who died on May 1, 1934 and who was a resident of the State of Virginia.

There is little dispute as to the facts which as found by the Board of Tax Appeals are substantially as follows:

The decedent, Lulu R. Glascock, was the widow of Bedford Glascock, who died on January 29, 1929.

Bedford Glascock died intestate after an ineffective attempt to make a will on his deathbed. Under the laws of Virginia, his domicile, his property descended to his five children except for his wife's dower interest (a life estate) in one-third part of the real property, and one-third part of the personal property remaining after payment of obligations. His total estate was valued at $239,239, for estate tax purposes, $126,676.97 being the value of the personal property.

To carry out what they understood to be the wishes of their father regarding the disposition of his property, and to avoid financial embarrassment to their mother, the five children (all being over 21 years of age) joined in a deed in March, 1929, conveying all real and personal property inherited from their father to their mother, the decedent, in fee simple. The deed recites their desire to "carry out the wishes of said Bedford Glascock as to the disposition of said property" and as consideration therefor states "Ten Dollars cash in

hand paid by the party of the second part (decedent here) to the said parties of the first part, and for other goods and valuable considerations, the receipt of all of which before the execution and delivery of this deed is hereby fully acknowledged, * * *." The administrator of Bedford Glascock's estate delivered the personal property covered by the foregoing conveyance to the decedent, and she agreed to pay any debts outstanding against the estate of her husband.

Thomas B. Glascock, a son, who is the petitioner here, kept books for the decedent, and each year from 1931 through 1934, at the direction of the decedent, entered credits of $4,500 in the accounts of the decedent with each of her five children. Each of these credits is designated in the accounts as a "gift" from the decedent. These credits resulted in the complete cancellation of an indebtedness of $16,000 owing to the decedent from one child. Due to these credits the decedent's accounts with her other four children showed the following credit balances at her death:

| | |
|---|---|
| Thomas G. Glascock | $16,017.14 |
| Bedford Richards Glascock | 13,000.00 |
| Emily Glascock Ramey | 18,077.83 |
| Eleanor Glascock Thompson | 17,044.57 |
| Total | $64,139.54 |

These balances were claimed as deductions from decedent's gross estate for federal estate tax purposes and were disallowed by the Commissioner of Internal Revenue. His action was affirmed by the Board of Tax Appeals.

The sole question involved is whether the aggregate amount of $64,139.54, shown on the books of the decedent as credits to four of her children, should be allowed as a deduction in computing the value of her estate subject to estate taxes.

The pertinent statute is Section 303(a) (1) of the Revenue Act of 1926, as amended by Section 805 of the Revenue Act of 1932, c. 209, 47 Stat. 280, 26 U.S.C.A. § 412(b). The pertinent Regulation is Treasury Regulations 80, promulgated under the Revenue Act of 1934, Art. 36.

The petitioner, who was the executor of the estate of Lulu R. Glascock, was the sole witness examined before the Board. He testified that when the children and heirs at law of Bedford Glascock, who were also the children of Lulu R. Glascock, conveyed the property to her there was no agreement that the decedent would pay them a definite consideration for the property but that the understanding was that Lulu R. Glascock would use the property and make such payments therefor as the farming operations in which she was engaged would justify.

Petitioner further testified that the various credits placed on the books of the decedent for the children were in the amounts of $4,500 because he and his mother had been advised that a gift in excess of $5,000 was subject to a tax.

The Board of Tax Appeals reached the conclusion that the conveyance made to the mother by the children and heirs at law of Bedford Glascock was in effect a gift; that the children had no enforceable claim against the decedent's estate; and that the items in question aggregating $64,139.54, were not claims founded upon a promise or agreement the consideration for which was adequate and full in money or money's worth. In this conclusion we think the Board was correct.

When the conveyance was made to the mother there was no definite agreement or promise upon which any legally enforceable claim could have been asserted against her. Everything was left to her judgment in the matter. This being true, it follows that there were no claims that could have ripened into legal and enforceable claims on the death of the mother.

Claims to be allowable as deductions from a decedent's gross estate, for federal tax purposes, must be enforceable against the estate and if founded upon a promise or agreement, must have been contracted for an adequate and full consideration in money or money's worth. Empire Trust Company v. Commissioner, 4 Cir., 94 F.2d 307; Lang's Estate v. Commissioner, 9 Cir., 97 F.2d 867; Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346.

Here, if there was any agreement at all it was one in which the decedent retained an unlimited right to decide later the nature or extent of her performance. Such an illusory promise is in law no promise. See Lucas v. Federal Reserve Bank of Richmond, 4 Cir., 59 F.2d 617; Maryland Casualty Company v. City of South Norfolk, 4 Cir., 54 F.2d 1032; Williston on Contracts, Revised Edition, Secs. 37–43.

It is contended on behalf of the petitioner that the entries on the books of the decedent were an acknowledgment of an indebtedness to her children but there is, nothing in the book entries indicating that they were such an acknowledgment. The entries were characterized as gifts and were intentionally made in a less amount than $5,000 to avoid a gift tax.

The rule in Virginia, with few exceptions, is that a past consideration which imposed no legal obligation at the time it arose will support no promise whatever. Davis v. Anderson, 99 Va. 620, 39 S.E. 588; Stoneburner & Richards v. Motley, 95 Va. 784, 30 S.E. 364.

The cases of Buck v. Helvering, 9 Cir., 73 F.2d 760 and Commissioner v. Kelly's Estate, 7 Cir., 84 F.2d 958, relied upon by petitioner, are distinguishable from the instant case as to the facts and are not controlling here.

The items going to make up the $64,-139.54 were not deductible from the decedent's gross estate as enforceable claims contracted for an adequate and full consideration in money's worth. The decision of the Board of Tax Appeals is affirmed.

Affirmed.