## CIRCUIT COURT OF RUSSELL COUNTY

William Blackson

v.

Clinchfield Coal Co.

July, 1984

By JUDGE GLYN R. PHILLIPS

Mr. William Blackson is a former employee of Clinchfield Coal Company, a division of the Pittston Coal Group. Mr. Blackson has been employed by Clinchfield on three separate occasions over a span of approximately twenty years. Mr. Blackson's last term of employment was from 1975 until August 1983.

Prior to 1982, Clinchfield had no formal written severance pay policy, but when mass lay-offs began in 1982, a memo dealing with benefits due laid-off employees was formulated. Incorporated in this memo was a statement saying severance pay would be paid so that employees would receive one weeks pay for each year of service with the company. During these initial lay-offs the Pittston computers were designed to pick up total years of service in computing severance pay. The program was changed before May 1983 and severance pay benefits were paid based on continuous years of service.

Mr. Blackson was laid-off in January 1983 and terminated in August 1983. He was given two weeks pay in January and six weeks pay in August based on his eight continuous years of service to Clinchfield. Mr. Blackson argued that his severance pay benefits should be based on total years rather than continuous years

of service. He has further stated that a personnel employee for Clinchfield lead him to believe that this would be the company policy.

It is the opinion of the Court that Mr. Blackson did not have an employment contract which included severance pay benefits while he was employed by Clinchfield Coal Company. After he was laid-off, Mr. Blackson was given a copy of a memo dealing with severance pay benefits. Mr. Blackson would want the Court to believe that this was an offer and that his previous employment demonstrates acceptance based on conduct. In contract law, the offer must be made prior to the acceptance. If the memo can be construed as an offer, Mr. Blackson did nothing after receiving the memo that would satisfactorily show acceptance. The services of his employment cannot constitute acceptance or consideration since they were made before he learned of the offer. While the Virginia Supreme Court has said in Richmond Engineering and Manufacturing Corp. v. Loth, 135 Va. 110, 115 S.E. 774 (1923), that appropriate conduct would be sufficient to establish acceptance, no such conduct has been shown here after the offer was made.

In order for the plaintiff to have a legitimate contract for severance pay benefits, the contract would have to be supported by either mutual obligation or consideration. This requirement cannot be satisfied by past consideration. Davis v. Anderson, 99 Va. 620, 39 S.E. 588 (1901). Mr. Blackson did nothing in exchange for the offer of severance pay and gratuitous promises unsupported by consideration are not enforceable.

It is the opinion of the Court that severance pay is not a right guaranteed employees. It is a privilege which an employer may bestow. Mr. Blackson had been employed by Clinchfield without any understanding that he would be entitled to severance pay based on his total years of service to the company. Indeed, he worked for Clinchfield prior to the existence of any such formal policy. It is impossible for the Court to believe that Mr. Blackson worked in reliance of the severance pay benefits that he now claims. Prior to

1982, Clinchfield's policy was to pay severance pay on the basis of two weeks wages. Mr. Blackson did not find out about any change in policy until after he was laid-off in January 1983. In order for Clinchfield to be estopped from changing their policy on severance pay, Mr. Blackson must show that he relied to his detriment on Clinchfield paying on the basis of total years of service. No such detrimental reliance can be found.

Clinchfield is not without fault in this dispute. The Pittston Coal Group and particularly the Clinchfield division handled their administration of severance pay policy in an unduly haphazard manner. Clerical employees should not be charged with the task of formulating company policy. The ramifications of such administration are all too evident in this case.