**INSPIRATION COAL, INC., et al, Plaintiffs,**

v.

**James E. MULLINS, Sr., et al, Defendants.**

**Civ. A. No. 87-0241-B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

June 23, 1988.

Stephen M. Hodges, Mark L. Esposito, Abingdon, Va., for plaintiffs.

Carl E. McAfee, Norton, Va., Mary Jane Hall, Norfolk, Va., Buddy H. Wallen, Clintwood, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The following are parties to this suit: Inspiration Coal, Inc. (Inspiration), a Delaware corporation with its principal place of business in Tennessee; Wheelright Mining Company, Inc. (Wheelright), a Kentucky corporation with its principal place of business in Kentucky; James E. Mullins, Sr. and Ada Marie Mullins, husband and wife, both of whom are Virginia residents; First Virginia Bank of the Cumberlands (First Virginia), a Virginia corporation with its principal place of business in Virginia; Sovran Bank, N.A. (Sovran), a banking association organized under the laws of the United States, with its principal place of business in Virginia, and Kenneth P. Asbury, Substitute Trustee for one of the deeds of trust in dispute.

Inspiration and Wheelright filed suit to have certain deeds of trust set aside as voluntary and fraudulent conveyances pursuant to Va. Code §§ 55–80 and 55–81 (1965). Sovran filed a counterclaim seeking a declaration that other deeds granted on Florida and Tennessee property are valid in order to settle the dispute over the entire transaction in one forum. The Mullinses granted these interests to Peoples Bank of Pound (PBP) and Sovran Banks. To date, the court has enjoined the trustee and First Virginia (successor to PBP under the deeds) from selling land subject to the deeds of trust pending adjudication of this dispute. Mullins has also impleaded other parties under theories of contribution/indemnification and "conspiracy to do damage" in violation of Va. Code § 18.2–499 (1984) (combination to injure others in their reputation, trade, business or profession). The court dismissed the contribution/indemnification count and only the § 18.2–499 count remains in the third party suit. *Inspiration Coal, Inc. v. Mullins,* —— F.Supp. ——, (No. 87–0241–B) (W.D.Va. April 14, 1988) (unpublished).

This case is now before the court due to several motions for summary judgment pursuant to Fed.R.Civ.P. 56. Inspiration and Wheelright move for summary judgment on their claim that the deeds of trust are voluntary conveyances pursuant to § 55–81. Sovran Bank also moves for summary judgment on both the voluntary and fraudulent conveyance counts and its counterclaim. As there are neither disputed issues of material fact nor affidavits seeking further discovery pursuant to Fed.R. Civ.P. 56(f), the court sets forth its opinion on the merits of the motions.

## FINDINGS OF FACT

The answers, interrogatories, depositions, exhibits, affidavits and briefs depict a complicated history to this dispute. For Inspiration and Wheelright, the relevant history begins with a suit entered in the United States District Court for the Eastern District of Kentucky they had filed against Jim Ed Mullins, Sr. under the Racketeer Influenced and Corrupt Organization

Act (RICO), 18 U.S.C.A. § 1962 (West 1984), 18 U.S.C.A. § 2314 (West 1970) (interstate transport of stolen goods) and common law fraud theories. The Kentucky court imposed sanctions pursuant to Fed.R. Civ.P. 37 resulting in a default judgment against Mullins, Sr. for $694,597.41 (the RICO trebled amount plus attorney's fees). Inspiration and Wheelright registered the judgment in this District and recorded it in the Judgment Lien Docket of the Circuit Court of Wise County, Virginia on October 24, 1986. This suit seeks to collect on the RICO judgment by setting aside as voluntary and fraudulent the deeds on Virginia property Mullins, Sr. granted to PBP and Sovran Bank.

From the banks' perspective the event leading to this suit was the collapse and discovery of a check kiting scheme. Mullins Coal Sales, Inc. (MCS), of which Mullins, Sr. and Mullins, Jr. are principals, had checking accounts at both PBP and Sovran. By simultaneously drawing on one account and depositing in the other, MCS artificially created funds through use of the float to cover checks which should have been dishonored. Once the scheme collapsed, the Sovran account was overdrawn by $590,-000, the amount of the check drawn on the PBP account that Sovran dishonored. The PBP account was overdrawn by $653,000, the amount of a check drawn on the Sovran account which PBP dishonored.

Each bank scrambled to protect itself from loss. According to the affidavit of William B. Bell, III, a First Vice–President and Commercial Loan Officer of Sovran familiar with the credit relationship, he notified all accounts receivable debtors of Mullins Coal to make payments directly to Sovran, which reduced the overdraft to $229,327 by September 24, 1986. Next, Bell met with Mullins to discuss repayment of his personal and company's debts. Sovran made Mullins Coal, Mullins, Sr., Mullins, Jr. and their respective wives another loan for $600,000, ostensibly to give the firm another chance to prove the firm was a viable operation and could repay its debts. From this loan, $229,327 was used to cover the balance remaining on the overdraft while the remainder was used for operating expenses. As security for this loan and other outstanding indebtedness, Mullins, Sr., Mullins, Jr. and their respective wives executed a credit line deed of trust dated September 24, 1986, later supplemented by a supplemental credit line deed of trust dated October 6, 1986, on certain tracts in Wise County, Virginia. These two trusts are those Inspiration and Wheelright seek to have set aside as voluntary. Mullins, Sr. and his wife also granted a mortgage on some Florida property and a deed of trust on some Tennessee property, which are the subject of Sovran's declaratory judgment counterclaim.

PBP took similar action. Although Mullins, Sr. had executed an unconditional guarantee for all MCS overdrafts up to $700,000 in the PBP account, he granted PBP a deed of trust on September 9, 1986 in the same property subject to the Sovran deeds of trust. The PBP trust secured a single payment demand note for the amount of the PBP overdraft ($653,000) signed by Mullins, Sr., in his official and personal capacity, Mullins, Jr. and their respective wives. This note was never funded, the overdraft being technically carried on bank records in the "nonaccrual loans" account. These same parties executed a second deed of trust on September 18, 1986, which was identical to the September 9 deed of trust, except it secured all current and future indebtness of the Mullinses and MCS. This was done on the advice of counsel, according to Jim Hughes, formerly Executive Vice–President of PBP, who was familiar with the credit transactions. These two deeds of trust are those Inspiration and Wheelright seek to have declared voluntary.

## CONCLUSIONS OF LAW

Va. Code § 55–81 provides that:

Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, or which is upon consideration of marriage, shall be void as to creditors whose debts shall have been contracted at the time it was made, but shall not, on that account merely, be void as to creditors whose

debts shall have been contracted or as to purchasers who shall have purchased after it was made; and though it be decreed to be void as to a prior creditor, because voluntary or upon consideration of marriage, it shall not, for that cause, be decreed to be void as to subsequent creditors or purchasers.

To prove that this section applies, plaintiffs must show that they were existing creditors of James E. Mullins, Sr. when he granted the deeds in dispute and that the transfer was "not upon consideration deemed valuable in law." *See Battle v. Rock*, 144 Va. 1, 10–11, 131 S.E. 344, 346 (1926) (identical former provision). The parties dispute only the second element, not the first. The analysis must therefore focus on what Mullins surrendered in consideration for the deeds of trust he granted to the banks.

Plaintiffs emphasize application of the "balance sheet" test to determine whether Mullins, Sr. received "consideration deemed valuable in law" for the deeds of trust in question. Allegedly, he granted the interests and gained nothing in return. The debts secured by the deeds were those of MCS and not Mullins, Sr. himself. And, in the case of PBP, plaintiffs maintain that the note Mullins, Sr. executed was unfunded. The bank neither gave Mullins his share of the $653,000 nor credited the amount to the overdraft. Instead, PBP carried the overdraft in non-accrual status. Even if the note had been funded, there was no consideration because Mullins, Sr. was not relieved of a legal obligation. "Ultimately it is the *receipt* of value by the transferor and not the giving of value by the transferee that matters." Plaintiffs' Brief at 13 (emphasis in original).

From the cases, we know that a contract to support a debtor's mother, discharging an obligation created by statute, is consideration deemed valuable in law. *Mitchell–Powers Hardware Co. v. Eaton*, 171 Va. 255, 198 S.E. 496 (1938). Before the statute, though, and in the absence of contract, a conveyance in consideration of such services was not valuable in law. *Davis v. Anderson*, 99 Va. 620, 39 S.E. 588 (1901); *Stoneburner v. Motley*, 95 Va. 784, 788, 30

S.E. 364, 365 (1898) (fraudulent conveyance). However, in this area of the law, precedent is of little value because of divergent facts, and a court should look to all the peculiar circumstances and facts to decide the issue. *Neff v. Edwards*, 148 Va. 616, 628, 139 S.E. 291, 295 (1927) (fraudulent conveyance) *cited in Haynes v. Bunting*, 152 Va. 395, 401, 147 S.E. 211, 213 (1929).

The court believes there was consideration deemed valuable in law to support the deeds. The facts reveal that the deeds secured not only the overdrafts but all other indebtedness Mullins, Sr. had with the banks. Sovran's credit line deed of trust and supplement both include such broad language. Although PBP's first deed of trust secured only the overdraft amount, the second one secured all current and future indebtedness of Mullins, Sr. personally. He had also personally guaranteed MCS's overdrafts up to $700,000. The law in Virginia has long been that an antecedent debt is valuable consideration for a conveyance of land. *Bank of Commerce v. Rosemary & Thyme, Inc.*, 218 Va. 781, 784, 239 S.E.2d 909, 912 (1978) (regarding § 55–80); *Neff v. Edwards*, 148 Va. at 623, 139 S.E. at 293; *Surratt v. Eskridge*, 131 Va. 325, 335, 108 S.E. 677, 680 (1921); *Evans v. Greenhow*, 56 Va. (15 Gratt.) 153, 156 (1859). Since Mullins, Sr. was personally liable for the antecedent debts, the court disagrees with plaintiff's assertion that Mullins, Sr. was conveying property in satisfaction of MCS' debts. Therefore, plaintiffs' reference to *Annot.*, 30 ALR2d 1209 (1953), which cites to such cases in support of plaintiffs' assertion, is not applicable.

At oral argument, counsel for plaintiffs repeatedly emphasized the balance sheet test. The court should look to the value actually received by Mullins, not the consideration sufficient to satisfy the obligation. The conveyances should fail as there is nothing left in Mullins, Sr.'s assets for plaintiffs to attach. Although defendants point to Va. Code § 8.3–408 to bolster their argument, plaintiffs point to paragraph 1 of the Official Comment to this section to

distinguish consideration, important for sustaining an obligation, from value, which, for plaintiffs, is something left to attach after the conveyance. No law is cited for this assertion but the court finds *Mitchell–Powers Hardware Co.*, 171 Va. 255, 198 S.E. 496 (1938), not cited by the parties, helpful to refute the argument. There, Eaton had executed a promissory note secured by stock in consideration of his sister's agreement to care for their infirm mother. The obligation to care for the mother was imposed by statute. Assuming the statute applied (the court remanded for the answer to this question), the obligation was sufficient to avoid the voluntary conveyances statute. *Id.* at 263–64, 198 S.E. at 500. The court did not interpret consideration deemed valuable at law to be economic value as plaintiffs suggest. Once Eaton transferred the note and stock, no economic value remained: only a discharged legal obligation. In the absence of any other authority, the court believes the law is not so pecuniary as plaintiffs assert.

Finally, the court notes that this is a suit involving priority among creditors, with plaintiff-judgment creditors seeking priority over defendant-commercial creditors. Another rule of immortal stature in Virginia is that a debtor may prefer one creditor over another in the distribution of the debtor's assets. *E.g. Rosemary & Thyme*, 218 Va. at 784, 239 S.E.2d at 912. This case presents no compelling reason for this court to disturb the debtor's conveyances.

Sovran has moved for summary judgment on plaintiffs' claim that the conveyances violated § 55–80 because they were executed with intent to delay, hinder or defraud plaintiffs' collection of the RICO judgment and that the banks had notice of this intent. Sovran notes that this latter phraseology repeats two of the necessary elements of a fraudulent conveyance claim, *Rosemary & Thyme*, 218 Va. at 784, 239 S.E.2d at 912, and that the evidence does not support the notice elements. Mr. Bell, the Commercial Loan Officer, familiar with the credit transactions of Mullins, Sr. and MCS stated in a sworn affidavit that he was unaware of the Kentucky suit. Sovran also asserts that Mullins, Sr. himself testified he did not tell anyone at the bank about the lawsuit. Plaintiffs have not responded to these allegations although they must come forward with evidence in support of these elements under Fed.R.Civ.P. 56(c) to defeat the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985).

## CONCLUSION

The deeds of trust executed by Mullins, Sr. to Sovran and PBP after September 9, 1986 were not voluntary conveyances under the meaning of § 55–81. The antecedent debts incurred by Mullins, Sr. were consideration deemed valuable in law. Accordingly, the court denies plaintiffs' motion for summary judgment on the voluntary conveyances count and grants Sovran's motion for summary judgment on this same count. Because plaintiffs have failed to rebut Sovran's assertion that no evidence supports the fraudulent conveyances count, the latter's motion for summary judgment on that count is also granted.

## ORDER

In accordance with a Memorandum Opinion entered this day, the court:

(1) DENIES plaintiffs' motion for summary judgment on their charge that the deeds of trust were voluntary;

(2) GRANTS Sovran's motion for summary judgment on both the voluntary and fraudulent conveyances counts; and

(3) REFRAINS from ruling on the matters in this case because they are not procedurally ripe for decision or have not been adequately briefed.