953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
C-T OF VIRGINIA, INCORPORATED, formerly known as
Craddock-Terry Shoe Corporation, Plaintiff-Appellant,
v.
EUROSHOE ASSOCIATES LIMITED PARTNERSHIP; N.V. Euro Shoe
Unie; Hecco Ventures; Cinerama, Incorporated; James J.
Cotter, Limited; Michael R. Forman; Bartlett & Company;
Michael J. Gade; Lewis B. Goode, Jr.; Edward F. Haley,
III; W. Edwin Masencup, Jr.; G. Bruce Miller; Roland K.
Peters; Elias Richards, III; Kenneth S. White; Alan L.
Wurtzel; Cede & Company; Louise Aronson; Margot Aronson;
Mary G. Aronson; Samuel B. Aronson; Ruth B. Cohn;
Commercial Medical Company; The Edgar L. and Vera B. Dehner
Living Trust; Edgar L. Dehner; Vera B. Dehner; Jonathan
D. Dehner Company; The Fisher Trust; Kenneth L. Fisher;
Sherilynn A. Fisher; C. Burton Gerhardt; Edgar T. Harris;
Georgia K. Harris; Philip B. Herol D Trust; Philip B.
Herold; Mary M. Hunt; W. Martin Johnson; Kray & Company;
Wood W. Lay; Leslie S. Mayne; Dorothy L. Mondell;
Philadep & Company; Schewel Furniture Company,
Incorporated; Harold O. Walls; Karl D. Walls, Defendants-Appellees.
 No. 91-1578.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1991.
Decided Jan. 29, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Jackson L. Kiser, District Judge. (CA-90-43-L)
 Argued: Harold Frank Bonacquist, Jr., Traub, Bonacquist, Yellen & Fox, New York City, for appellant; Virginia W. Powell, Hunton & Williams, Richmond, Va., Mitchell A. Karlan, Gibson, Dunn & Crutcher, New York City, for appellees.
 On Brief: Paul Traub, Frederick J. Levy, Traub, Bonacquist, Yellen & Fox, New York City, Edward B. Lowry, Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., Charlottesville, Va., for appellant; Tyler P. Brown, Hunton & Williams, Richmond, Va., Stuart D. Karle, Gibson, Dunn & Crutcher, New York City, for appellees.
 W.D.Va., 762 F.Supp. 675.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff C-T of Virginia, Inc. ("C-T") appeals from an order of the district court granting summary judgment for the defendants on C-T's claims under 11 U.S.C. § 544(b) (1988). For the reasons stated more fully below, we affirm the judgment of the district court.
 
 
 2
 C-T is a Virginia corporation currently undergoing a Chapter 11 bankruptcy reorganization. The defendants are all former shareholders of C-T's corporate predecessor, Craddock-Terry Shoe Corporation ("Craddock-Terry"). In 1986, a leveraged buyout of Craddock-Terry took place at which time a Delaware corporation, HH Holdings ("Holdings"), created a wholly-owned subsidiary, HH Acquisitions ("Acquisitions"), for the sole purpose of completing this transaction. Acquisitions then purchased 100% of the stock in Craddock-Terry from the defendants and merged into C-T. Some two years later, C-T filed for bankruptcy under Chapter 11.
 
 
 3
 C-T, through the official Committee of Unsecured Creditors, subsequently filed the present action under § 544(b) seeking to have the buyout set aside and to have the defendants return the payments received so that the proceeds might be used to pay off C-T's creditors. C-T pursued two theories of recovery: 1) that the buyout was a voluntary conveyance under Va.Code Ann. § 55-81 (Michie 1986), and 2) that the buyout had unjustly enriched the defendants and that they should be forced to disgorge the proceeds. C-T also sought a ruling from the district court that, should it prevail, any claims against the estate brought by the defendants were to be subordinated to the claims of the unsecured general creditors.
 
 
 4
 The defendants moved for summary judgment. The district court held that C-T had failed to establish that the transfer at issue was not based upon "consideration deemed valuable in law" as required by the state statute. Because such a showing was a prerequisite to recovery under both C-T's theories, the court denied all relief. Because it denied C-T recovery, the court did not rule upon the subordination claim. C-T subsequently filed a timely notice of appeal.
 
 
 5
 This Court reviews a grant of summary judgment de novo applying the same standards employed by the district court. Felty v. GravesHumphreys Co., 818 F.2d 1126, 1127-28 (4th Cir.1987).
 
 
 6
 Virginia Code § 55-81 states, in part: "Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law ... shall be void as to creditors whose debts have been contracted at the time it was made." To prevail under this statute, the plaintiff must show that there were existing creditors of C-T at the time the buyout took place and that the transfer was not upon "consideration deemed valuable in law." See Inspiration Coal, Inc. v. Mullins, 690 F.Supp. 1502, 1505 (W.D.Va.1988). Apparently, the defendants concede that there were existing creditors at the time of the buyout; thus, the only issue remaining is that of consideration.
 
 
 7
 The core of the dispute in this case centers on whether by "consideration deemed valuable in law" the statute means reasonably equivalent value, the "balance sheet" approach, as C-T contends, or whether it means anything of value, the "peppercorn" approach, as the defendants contend. No Virginia case has directly addressed this question. In Inspiration Coal, after considering several Virginia cases, the court reasoned that Virginia law did not require a pecuniary, balance sheet approach. Id. at 1506. The court concluded that § 55-81 did not require that the debtor receive something of "economic value." We agree that § 55-81 does not require reasonably equivalent value.
 
 
 8
 The question then becomes whether C-T received anything which can be determined to be consideration deemed valuable in law. The district court found that two items qualified: new capital provided by Holdings and new management. Because we agree that C-T received an infusion of capital, we do not address the issue of whether new management could constitute consideration.
 
 
 9
 The district court found in In re C-T of Virginia, Inc. (C-T of Virginia, Inc. v. Barrett), 124 B.R. 694, 698 (W.D.Va.1990), that Holdings invested $4 million in C-T at the time of the acquisition and it refused to alter that ruling in the present case. C-T argues that Holdings invested the $4 million only in Acquisitions, and that in any event, the entire sum went to pay the transaction costs of the buyout and was not available to C-T as working capital.
 
 
 10
 Acquisitions was promptly merged into C-T; consequently, investment in Acquisitions was investment in C-T. Because the money was used to pay transaction costs it was not available to C-T as working capital; however, had the money not been invested, C-T would have had to borrow an additional $4 million to complete the merger. As CT acknowledges, its equity capital after the buyout was completed was approximately $4 million. Had Holdings not invested the money, C-T's equity capital would have been zero. Consequently, Holdings's investment enabled C-T to start its new life with at least some equity with which to work. Though history proved the company to be undercapitalized, had Holdings not contributed the money C-T would have been in even worse shape. Accordingly, the $4 million contribution was, in effect, an investment in C-T, and it constituted "consideration deemed adequate in law," though it may very well not have been reasonably equivalent value for what Holdings received in return.
 
 
 11
 Because there was consideration deemed valuable in law for the transfer it was not voidable under § 55-81. As it was not voidable under § 55-81, the district court properly granted summary judgment for the defendants and we affirm that decision. The remainder of CT's claims are contingent upon the viability of its § 55-81 claim. In light of our affirmance of the district court's denial of relief on that claim, the remainder of C-T's claims are moot. Accordingly, the decision of the district court is
 
 
 12
 AFFIRMED.